Case 1:24-cv-00085   Document 1-2   Filed on 06/11/24 in TXSD   Page 1 of 9

FILED 4/22/2024 12:36 PM
2024-DCL-02261 / 86911686
LAURA PEREZ-REYES
Cameron County District Clerk
By Daniel Taz Espinosa Deputy Clerk

CAUSE NO.: 2024-DCL-02261

| | | |
|---|---|---|
| ROSA PONCE MALDONADO, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| V | § | Cameron County - 445th District Court |
| | § | # _____ |
| EQUISOLAR, INC | § | |
| and GOODLEAP, LLC, | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES, ROSA PONCE MALDONADO, Plaintiff, in the above styled action and files this Original Petition and complains of Defendants, EQUISOLAR, INC and GOODLEAP, LLC for cause of action would respectfully show to the Court as follows:

### I. DISCOVERY

1. Discovery in this suit is intended to be conducted under Level 2 of Tex. R. Civ. P. 190.2. Plaintiff respectfully requests that the Court enter a scheduling order at its earliest convenience.

### II. PARTIES

**Plaintiff**

2. ROSA PONCE MALDONADO is an individual residing in Cameron County, Texas who can be served through her attorney of record, Joseph A. George at 955 E. Madison, Brownsville, Texas 78520.

**Defendants**

3. Defendant, EQUISOLAR, INC., aka "Equisolar" herein, is a foreign for-profit corporation that may be served through its registered agent, Registered Agents, Inc. at 5900 Balcones Drive, Suite 100 Austin, TX 78731.

PLAINTIFF'S ORIGINAL PETITION

EXHIBIT A

1 of 9

4. Defendant, GOODLEAP, LLC, is a foreign limited liability company that may be served through its through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136

## III. JURISDICTION

5. The court has jurisdiction over the lawsuit because the amount in controversy is within this court's jurisdictional limits.

## IV. STATEMENT OF CLAIM

6. The damages sought are within the jurisdictional limits of the court because the damages sought by the Plaintiff are less than $250,000.00, including damages of any kind, penalties, costs, expenses, and attorney's fees.

7. Plaintiff also seeks a demand for judgment for all other relief to which she is entitled.

## V. VENUE

8. Venue in this suit is proper in Cameron County, Texas for all claims under Texas Civil Practice & Remedies Code §15.002(a)(1) as Cameron County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## VI. FACTS

9. In July of 2021, the Plaintiff was solicited at her residence by a solar panel salesperson for Defendant Equisolar.

10. The salesperson told the Plaintiff that if she purchased the solar panels, she would see many benefits.

11. For example, the salesperson told the Plaintiff that she would no longer have an electric bill if she bought the solar panels.

12. The Plaintiff was also told that she would receive substantial tax incentives, including a payment from the IRS for the amount of $10,000.

13. She was also told that even if there was an electrical power outage, she would never be without power.

14. Based on the representations made by the salesperson, the Plaintiff agreed to sign the contract.

15. The contract between the Plaintiff and Defendant Equisolar was assigned to Goodleap on the same date it was executed by the Plaintiff, June 25, 2021.

16. The Plaintiff was never told that he had a right to cancel the contract.

17. The Plaintiff never received the benefits that she was promised by purchasing the solar system.

18. For example, the Plaintiff continues to get both an electric bill and a bill for the solar panels, which is not what she was promised.

19. The Plaintiff never received a payment from the IRS after she filed her income taxes.

20. The Plaintiff did lose power during subsequent power outages because the solar system needed a battery to perform during power outages, which she was not told by the Defendants.

## VII. CAUSES OF ACTION

### COUNT 1 – TEXAS BUSINESS AND COMMERCE CODE §601,
### aka the Texas Home Solicitation Act

21.     The Defendants violated §601 of the Texas Business and Commerce Code in that:

   a. The contract did not include the name and address of the merchant. §601.052 (a)(3);

   b. The cancellation form did not include the merchant's address. §601.053 (b)(2)

   c. The cancellation form did not include an actual date, not earlier than the third business day after the date of the transaction by which the consumer must give notice of cancellation. §601.053(b)(4)

   d. The Defendants failed to give the Plaintiff oral notice of his three day right to cancel. §601.152 (1)

   e. Defendant Equisolar assigned the contract to Defendant Goodleap prior to the expiration of 5 days from the date the contract was consummated. §601.153

22.     The contract is void for the Defendants' violations of Section 601.053(b) and Subchapter D.

### COUNT 2 – TEXAS BUSINESS & COMMERCE CODE §17.46
### aka the Texas Deceptive Trade Practices Act

23.     The Defendants violated §17.46 of the Texas Business and Commerce Code by engaging in the following acts:

   i. representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not. §17.46 (b)(5);

ii.  advertising goods or services with intent not to sell them as advertised. §17.46 (b)(9);

iii. making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions; §17.46 (b)(11);

iv. representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; ; §17.46 (b)(12);

v. failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; §17.46 (b)(24)

24. Because the Defendants acts were committed knowingly and intentionally, the Plaintiff is eligible to recover treble damages. Tex. Bus. & Comm. Code §17.50(b)

25. The Plaintiff seeks rescission and restoration as allowed by the DTPA.

## COUNT 3 – FRAUD & FRAUDULENT INDUCEMENT

26. Plaintiff shows that Defendants made material, false representations about the savings and benefits that the Plaintiff would receive and said misrepresentations were made intentionally or with reckless disregard for the truth with the intention that such representations be acted upon by the Plaintiff.

27. The Plaintiff did in fact rely and act upon the misrepresentations made by the Defendants and as a proximate result of such fraud, the Plaintiff sustained damages.

28. Plaintiff is entitled to recover treble damages under Tex. Civ. Prac. & Rem. Code §41.003 (a)(1).

29. Fraudulent inducement is merely a particular species of fraud that arises only in the context of a contract and requires the existence of a contract as part of its proof. Haase v. Glazner, 62 S.W.3d 795, 798 (Tex. 2001).

30. Thus, a fraudulent-inducement claim has the same elements as a fraud claim, plus the added element that the fraud related to an agreement between the parties. Id. at 798-99.

31. The Defendants defrauded the Plaintiff, and the fraud was related to an agreement between the parties.

## COUNT 4 – BREACH OF CONTRACT

32. Plaintiff avers that any alleged contract between the parties is void under Tex. Bus. & Comm. Code 601, but, in the alternative, Plaintiff avers that if it is adjudicated that the contract is not void, then Plaintiff avers that Defendants breached the contract.

33. Defendants maintained a contractual relationship with Plaintiffs and Defendants were required to deliver to Plaintiffs the goods which were promised.

34. The Defendant failed to deliver to the Plaintiffs the goods or services that were sold to them, despite Plaintiffs making payments as required under the contract.

35. As a result of Defendants' breach of contract, Plaintiffs have been damaged.

## COUNT 5 – CIVIL CONSPIRACY

36. The elements of a civil conspiracy claim are:

(1) two or more persons,

(2) an object to be accomplished,

(3) a meeting of the minds on the object or course of action,

(4) one or more unlawful, overt acts, and

(5) damages as the proximate result. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983).

37. If the Plaintiff does successfully prove civil conspiracy, all parties are considered liable. *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 857 (Tex. 1968).

38. The Defendants engaged in a civil conspiracy because i) there were two or more persons, ii) who sought to accomplish an objective, iii) there was a meeting of the mind as to the course of action, iv) with one or more unlawful, overt acts performed, and v) the Plaintiff incurred damages.

39. The goal of civil conspiracy is to impose joint and separate liability against those who caused harm by their purposeful actions, providing relief for a plaintiff who has directly suffered damages due to the actions of the conspirators. *Id*

## DECLARATORY JUDGMENT

40. Plaintiff incorporates by reference all above paragraphs as though fully stated herein.

41. As described above, Defendants violated sections of the Texas Business and Commerce code that render the contract and financing agreement void.

42. Plaintiff requests the Court declare that the contract and the Goodleap financing agreement in this matter are void in accordance with Chapter 37 of the Texas Civil Practice & Remedies Code.

## VIII. AGENCY

43. At and during the time of the acts and / or omissions complained of herein, any acts and / or omissions committed by the agent, representative or employee of Defendants, occurred within the scope of the actual or apparent authority of such person on behalf of said Defendant.

44. Said Defendants are therefore liable to Plaintiff for the acts and / or omissions of any such agent, representative, or employee complained of herein by virtue of such agency relationship.

## IX. ATTORNEY'S FEES

45. Plaintiff is eligible to recover attorney's fees and costs under Texas Bus. & Comm. Code §601.202 (2) & (3)

46. Plaintiff is eligible to recover attorney's fees and costs under Texas Bus. & Comm. Code §17.46(d).

47. Plaintiff is eligible to recover attorney's fees for Defendants' breach of contract.

## X. CONDITIONS PRECEDENT

48. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## XI . PRAYER FOR RELIEF

49. WHEREFORE, Plaintiff respectfully request that the Court enter judgment in her favor as follows:

   a. Actual damages;
   b. Statutory damages;

c. Treble damages;

d. Punitive damages;

e. Declaratory judgment in her favor rendering the contract void;

f. Prejudgment and post judgment interest;

g. Attorney's fees

h. Court costs and fees;

i. All other relief to which Plaintiff is entitled.

Respectfully Submitted,

s / Joseph "Ash" George

Texas Bar No. 24082319
The Law Office of Joseph A. George
955 E. Madison
Brownsville, Texas 78520
Phone: 210.410.3689
robinhoodattorney@gmail.com